UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,    .
                             .
        Plaintiff,           .
                             .  CR No. 06-0288 (RJL)
    v.                       .
                             .
SCOTT THOMPSON,              .  Washington, D.C.
                             .  Thursday, June 26, 2008
        Defendant.           .  3:09 p.m.
                             .
. . . . . . . . . . . . . . . .

TRANSCRIPT OF STATUS HEARING
BEFORE THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:          ROBERTSON T. PARK, ESQ.
                             U.S. Department of Justice
                             1400 New York Avenue, NW
                             Room 4405
                             Washington, D.C. 20530
                             202-514-0930

For the Defendant:           PHILIP T. INGLIMA, ESQ.
                             ANN M. MASON, ESQ.
                             Crowell & Moring
                             1001 Pennsylvania Avenue, NW
                             Suite 1100
                             Washington, D.C. 20004
                             202-624-2795

For Williams Companies:      PETER JAFFE, ESQ.
                             Gibson, Dunn & Crutcher, LLP
                             1050 Connecticut Avenue, NW
                             Washington, D.C. 20036
                             202-955-8500


Court Reporter:              Bryan A. Wayne, RPR, CRR
                             Official Court Reporter
                             U.S. Courthouse, Room 6714
                             333 Constitution Avenue, NW
                             Washington, D.C. 20001
                             202-354-3186

PDF created with pdfFactory Pro trial version www.pdffactory.com

P R O C E E D I N G S

THE DEPUTY CLERK:  Calling United States of America versus Scott Thompson, Criminal No. 06-288.  Would counsel please come forward and identify yourselves for the record.

MR. PARK:  Good afternoon, Your Honor.  Robertson Park for the United States.

THE COURT:  Welcome back.

MR. PARK:  Yes, Your Honor.

MR. INGLIMA:  Good afternoon, Your Honor.

Philip Inglima for Scott Thompson, and with me is Ann Mason for Scott Thompson.

MR. JAFFE:  My name is Peter Jaffe.  We represent the Williams Companies which filed a related miscellaneous action in this matter that I'd like to bring to the Court's attention when it's appropriate.

THE COURT:  You can have a seat.

MR. JAFFE:  Thank you.

THE COURT:  All right.  Mr. Parks, where are we in terms of discovery in this case?

MR. PARK:  Well, I think we have -- well, maybe I should bring you up to date on what's happened in the period since the Court issued its order.

When we received the Court's order, the new counsel with me and -- Nicola Mrazek M-R-A-Z-E-K -- reviewed the files.  We identified the materials that we believed needed to be produced

PDF created with pdfFactory Pro trial version www.pdffactory.com

based on the Court's order. We received contact from counsel

for Mr. Thompson, and we had a meeting last Thursday. In

advance of that, we had identified some initial materials that

we believe we should produce, put them on a CD, and we provided

them to counsel on Thursday.

Earlier in the week, admittedly kind of recalling in the

back of my mind that the way the Williams Companies had

introduced themselves into this matter had been through

potentially a separate action, I called Joe Warren and let him

know -- I wasn't sure if he'd heard that the Court had issued an

order. I had a voicemail back indicating he had not and

appreciated that but that he was out of the office that week and

would hope to talk with me the first of this week in advance of

the hearing.

Late in the week, I think Thursday or Friday -- Mr. Jaffe

can correct me -- I had a call with Mr. Jaffe where I discussed

or did indicate that we had made some production of materials,

we intended or hoped to produce the remainder in advance of this

hearing, and I was actually discussing with Mr. Jaffe to try to

make sure that I aligned what I believed we had with what

Williams believed they had produced to us.

And then the following day there were some communications

indicating Williams was seeking a stay of the order and

potentially appealing the order. And out of an abundance of

caution at that point, we have the materials available but we

PDF created with pdfFactory Pro trial version www.pdffactory.com

1    have not produced anything further to counsel, and we were

2    waiting until the Court gave us further direction.

3         I should indicate for the record the government has no

4    desire to appeal the order.  The government would like to

5    produce the materials because we would like to proceed

6    expeditiously to trial as we believe is Mr. Inglima and

7    Mr. Thompson's wish, but we recognize under the circumstances,

8    once we heard from counsel for Williams Companies, we should

9    suspend our productions until the Court had a chance to speak,

10   and that's essentially where we stand.

11           THE COURT:  Very good.  Thank you, Mr. Park.

12      Mr. Inglima.

13           MR. INGLIMA:  Thank you, Your Honor.  We agree with

14   Mr. Park's characterization of our communications since the

15   June 9 order, and we have received a disk of discovery materials

16   that were pursuant to the Court's order, have begun review of

17   those material, then received -- subsequent to that development

18   received notice from the Williams Company of their continuing

19   interest in this matter.

20        And I won't address the merits of that position until the

21   Court deems it appropriate, but I will say simply that we fully

22   concur with the desire to move forward with motions and trial

23   schedule and set this case towards ultimate resolution.

24           THE COURT:  Well, it seems like I'm the only one in

25   the room who doesn't know what's going on with the Williams

PDF created with pdfFactory Pro trial version www.pdffactory.com

Company, because I don't have any motion to stay anything and I'm not aware of any stay request that was filed with the court of appeals or anything.  I don't even have any basis to know if there's an appeal being sought.

So you all know more than I do, but of course then again, that's the purpose of having these hearings, so that I can get caught up to speed on what you all are doing.

MR. INGLIMA:  I suspect the Williams Companies would rather speak for themselves, but I will simply say that we received on the 25th notice of a motion they filed on the 24th seeking a stay in what they captioned as the miscellaneous matter by which they first entered an appearance in relation to this controversy.

THE COURT:  Well, the order was issued on, I think, June 9.

MR. INGLIMA:  It was.  It is my understanding that --

THE COURT:  So that's a while ago.

MR. INGLIMA:  Yes, and I believe, based on my discussions with Mr. Park, that Williams received notice of it no later than June 16 and then filed sometime in the p.m. on the 24th a motion seeking further relief.

THE COURT:  With this court?

MR. INGLIMA:  It's my understanding it was in the miscellaneous docket of the district court.

MR. PARK:  Your Honor, I have a hard copy if the Court

PDF created with pdfFactory Pro trial version www.pdffactory.com

```
 1    would --

 2            THE COURT:  Haven't seen it.

 3         (Document tendered to the Court.)

 4       Thank you.  Well, I appreciate you bringing it to my

 5    attention, Counsel.  Have you all had a chance to read it?

 6            MR. INGLIMA:  We've reviewed it, Your Honor.

 7    Obviously, we haven't filed any response and we still have

 8    additional time to respond, but we have some initial thoughts on

 9    it.

10            MR. PARK:  We've reviewed it, Your Honor.

11            THE COURT:  Were you planning to file something in

12    response to it for the government?

13            MR. PARK:  We were not planning to, Your Honor.

14            THE COURT:  I'm not asking you to; I'm just inquiring.

15    I'm not making any suggestions.

16            MR. PARK:  We had not intended to file anything in

17    response to it, and certainly that might have been revisited

18    depending upon the Court's views at this hearing, but we had

19    intended to --

20            THE COURT:  Mr. Inglima, is it your tentative desire

21    to file something?

22            MR. INGLIMA:  Your Honor, we thought we'd receive some

23    guidance from the Court today.  I can briefly tell you what will

24    be in any written response we file.  Frankly, we are concerned

25    about the relitigation of the underlying issue, which is not
```

PDF created with pdfFactory Pro trial version www.pdffactory.com

only unnecessary but is burdensome and costly to Mr. Thompson.
But in short, we believe that it's a moot motion because it
seeks a stay of compliance of the order when in fact the
government had already effectuated compliance substantially with
the order, perhaps not completely but very substantially, so
that the horse is not only out of the barn but it's done a few
laps around the lake.

And beyond that, Your Honor, we believe that to advance
this motion would require the Court to acknowledge that there
was not a basis for the order the Court just entered, because
frankly there is no appellate right in this instance.

This is a miscellaneous matter filed by the Williams
Companies under 57.6 of the local rules. There is nothing in
the local district court or appellate rules concerning appeals
from 57.6 miscellaneous matters.

We have not seen anything in the case law of this circuit
to support that there should be such a right of relief, but
frankly, what should drive this is that they are intervening
simply to advance an interest that they claim to have in a
discovery issue that is entirely circumscribed by this criminal
action.

And in this criminal action, there are only two parties
with rights of appeal. Neither of them has a right to appeal
the order that the Court entered. The government has no right
under 3731. That is absolutely clear. And the government

PDF created with pdfFactory Pro trial version www.pdffactory.com

1    doesn't seek to assert such a right.

2         So we don't see a point to granting a motion for stay where

3    the only ultimate right that it would vindicate would be the

4    pendency of an appeal that can't be filed or litigated.

5              THE COURT:  All right.

6              MR. INGLIMA:  Thank you, Your Honor.

7              THE COURT:  Thank you.

8         Mr. Jaffe, like to be heard?

9              MR. JAFFE:  Thank you, Your Honor.

10        As the parties have noted, the Williams Companies filed

11   this as a miscellaneous action.  When Your Honor issued your

12   order on June 9, you did not file it -- it never got filed by

13   the clerk's office in the miscellaneous action, so we did not

14   get notice of it until Mr. Park called us in the middle of last

15   week that this had even been granted.

16             THE COURT:  The 15th or the 16th, something like that?

17             MR. JAFFE:  I think it was initially signed by Your

18   Honor on the 9th, it got docketed on the 10th of June, and it

19   did not get filed in the miscellaneous action until Tuesday of

20   this week upon our request of the clerk's office that it get

21   filed in the miscellaneous action.  That then brought the

22   miscellaneous action --

23             THE COURT:  Go back to my question.  You heard about

24   it on 15th or 16th, right?

25             MR. JAFFE:  I'm not sure of the date.  I believe it

PDF created with pdfFactory Pro trial version www.pdffactory.com

was Wednesday of last week, Your Honor.  We had heard the notice
that it had happened, but we were not clear that any documents
were being produced imminently, although that may have been just
a misunderstanding on our part.

There was just a voicemail from Mr. Park, which as Mr. Park
pointed out, was to Mr. Warren.  And Mr. Warren was out of the
country, and he did quickly get back to Mr. Park to let him know
he'd talk to him next week about the issue.

So we were unaware at that time that anything was
happening.  As soon as we found out that there was some activity
with respect to actual production, we took expeditious steps to
ask both parties -- on the one hand, the government not to
produce any further documents; on the other hand, Mr. Inglima,
if he had received any documents -- not to review them pending
our getting the matter docketed in the miscellaneous action so
that we could then file -- that any party to that could file a
motion to stay within the miscellaneous action.

We did that the same day that the miscellaneous action
order was docketed, which allowed us then to do it.  And it is
in the miscellaneous action which allows us to take an appeal to
the order because it is essentially the final order in that
miscellaneous action.

And while there is no specific rule stating that a
miscellaneous action order may be appealed, it is the final
action in that we spoke to the clerk's office here; they said

PDF created with pdfFactory Pro trial version www.pdffactory.com

it's a common practice to appeal miscellaneous orders if in fact one wants to do so.

And we have a number of appellate court opinions on appeals for miscellaneous actions which, again, they don't go into detail as to why, under what rule one can file an appeal for miscellaneous action. But from all apparent rulings that we've seen, it is simply that it's a final order in a docketed case and therefore can be appealed.

So we have a right to appeal as far as the documents already having been produced. They were not in our possession, custody, or control. Therefore, any production of them at that point will be involuntary and therefore should not have any effect on waiving our rights with respect to the privilege of those documents.

THE COURT: So you're seeking a stay in the first instance in this court, and you want to be heard on the stay, obviously. And then if you fail to get a stay in this court, you're going to seek a stay in the court of appeals. Is that a fair statement?

MR. JAFFE: Yes, Your Honor. Because if the order is not stayed, that could potentially be a waiver of our rights.

THE COURT: Okay. So let's look at the calendar, Counsel. Mr. Inglima, seems only fair that you get to respond, if you wish, in writing. Counsel for Williams Companies contend that they do have an appeal right, which you may dispute.

PDF created with pdfFactory Pro trial version www.pdffactory.com

1    You've already kind of disputed it orally.  You may want to

2    dispute it in writing, but I think you're entitled certainly to

3    be able to respond in writing to this motion that's been filed.

4        My every intention is to do this quickly and have a hearing

5    next week and rule immediately on the stay, and then if I grant

6    the stay, then obviously it's granted.  But if I don't grant the

7    stay, then they have to take whatever steps are appropriate

8    under the law to appeal it to the court of appeals if they in

9    fact have a right to do so.

10       I propose the oral argument will be next Wednesday morning.

11   Is that available for you?

12       MR. JAFFE:  Your Honor, I'm on vacation next week.  We

13   can have somebody come --

14       THE COURT:  You have a very big law firm, and

15   Mr. Warren indeed might be back himself.

16       MR. JAFFE:  I have heard that the law firm is more

17   than just me.

18       THE COURT:  Very big law firm.  So you may be on

19   vacation.  That's fine.  I'll excuse Mr. Jaffe but not Gibson

20   Dunn.

21       MR. INGLIMA:  If I might, Your Honor, the preliminary

22   to our filing would be that we'd ask the Court to direct Gibson

23   Dunn to support its motion.  There is absolutely zero authority

24   cited for the relief that they seek in the pleading that you've

25   been handed.

PDF created with pdfFactory Pro trial version www.pdffactory.com

1          There is authority on the underlying discovery issues,

2    which the Court has prudentially disregarded, but there is no

3    citation to any authority concerning a right of appeal or why

4    such a right would apply in this instance.

5          And I disagree with Mr. Jaffe's characterization of the law

6    of other circuits, which only pertains to civil cases where

7    there are parallel civil proceedings in different circuits and

8    miscellaneous routes used to effectively tie the two together.

9          So unless they see those as being analogous to the criminal

10   case, I think he's still without the relief he seeks, and

11   therefore he should have to brief the basis for this motion.

12          MR. JAFFE:  Your Honor, we'd be happy to do so on

13   whatever schedule Your Honor wants.  If you want us to file a

14   brief tomorrow, we can file a brief tomorrow.

15          THE COURT:  Well, let's see.  Why don't you file by

16   the end of the day tomorrow just on the appeal issue, not on the

17   merits.  You've already submitted your brief on the merits for a

18   stay.  I'm talking now about your appellate right, the issue

19   regarding the authority behind your right to appeal the order.

20          So very limited to that.  You'll probably be able to do

21   that in three to five pages, I would think.  You don't need a

22   lot on that.

23          Then, Mr. Inglima, you all can have until Tuesday to

24   respond to it.  You can have till noon Tuesday.  I'll read it

25   Tuesday afternoon in preparation for the argument on Wednesday.

PDF created with pdfFactory Pro trial version www.pdffactory.com

```
 1              MR. INGLIMA:  Your Honor, the only problem is that I
 2     have --
 3              THE COURT:  You have partners.
 4              MR. INGLIMA:  I'll move if I have to.  I'll move other
 5     arrangements.  Thank you, Your Honor.
 6              THE COURT:  So we'll hear the argument -- if you need
 7     an extra day, I can do it Thursday morning.  Would that help
 8     you?
 9              MR. INGLIMA:  I think if we could do it in the
10     afternoon and preferably about this time, Your Honor.  If that's
11     not convenient to the Court on Wednesday --
12              THE COURT:  On which day?
13              MR. INGLIMA:  -- it would actually be better for me
14     than Thursday.  I was due to be on vacation Thursday and Friday
15     of next week, and it will be my first two days in quite a while.
16              THE COURT:  Lawyers and vacations don't always mix,
17     Mr. Inglima.  You know that from experience.
18              MR. INGLIMA:  That's why I filed no motion this week,
19     Your Honor.
20              THE COURT:  Well, problem is Wednesday afternoon I
21     have a Fannie Mae hearing, and I don't know how long it's going
22     to go.
23              MR. INGLIMA:  Well, then what time would be best for
24     the Court, Your Honor?
25              THE COURT:  Did you say Thursday is not good?
```

PDF created with pdfFactory Pro trial version www.pdffactory.com

1        MR. INGLIMA:  I said Wednesday is probably better for
2    me than Thursday.
3        THE COURT:  Well, I'll give you your choice.
4    Wednesday morning or Thursday morning?
5        MR. INGLIMA:  If we can do first thing Thursday
6    morning, that's better, frankly, Your Honor.
7        THE COURT:  I can do it at ten o'clock on Thursday
8    morning, and you can have until COB Tuesday to get your
9    pleadings.  All right?
10       So, Mr. Park, between now and next week's hearing, you
11   don't have to produce anything.  We'll stay any production
12   pending the hearing.  I expect and plan to rule on the scene.
13       I'll hear the arguments, read the pleadings, I'll issue a
14   ruling probably immediately, and then if it's in favor of the
15   Williams Company, then obviously we'll adjust.  If it's against
16   the Williams Company, they'll have to take whatever steps they
17   need to get an emergency stay.  All right?
18       MR. JAFFE:  Your Honor, if I might, I appreciate your
19   temporary stay until that hearing.  If you could extend that
20   also to Mr. Inglima and his firm not reviewing the documents
21   that are in his possession until after you rule, that would be
22   helpful as well.
23       THE COURT:  Well, see, now as to that, the cat's out
24   of the bag there.  The Williams Company, when it acted, acted at
25   its peril.  So I'm not going to issue that order.  I'll stay

PDF created with pdfFactory Pro trial version www.pdffactory.com

1    further production until such time as next week.

2             MR. JAFFE:  Thank you, Your Honor.

3             THE COURT:  And I would ask the Thompson team, so to

4    speak, to keep it within the Thompson team.

5             MR. INGLIMA:  Absolutely, Your Honor.

6             THE COURT:  I don't want anything distributed to

7    anyone else, but as far as reviewing what you've already

8    received, that's fine.  But it has to stay in house, so to

9    speak.  Okay?

10            MR. INGLIMA:  Absolutely.

11            THE COURT:  All right.  So we'll have the hearing on

12   Thursday the 3rd.

13       Mr. Park, if you decide for whatever reason that you feel

14   you want to file something -- I'm not looking for more to read.

15   I've got lots to read, but if you want to file something close

16   of business Tuesday for the government as well, make sure

17   government gives copies to the Williams Company so that they

18   know that.  Mr. Warren will appreciate it.

19       At minimum, Mr. Jaffe will be seated under a palm tree

20   somewhere.  None of this will be worrying him whatsoever.

21            MR. INGLIMA:  This could be the last time that we and

22   the government are of the same mind in this case, so I look

23   forward to next Tuesday.

24            THE COURT:  I was enjoying that.  It's good to see you

25   on the same page.  All right.  Anything else?

PDF created with pdfFactory Pro trial version www.pdffactory.com

1          MR. INGLIMA:  Nothing Your Honor.

2          THE COURT:  All right.  We'll take a brief recess.

3      (Proceedings adjourned at 3:27 p.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PDF created with pdfFactory Pro trial version www.pdffactory.com

* * * * * *

CERTIFICATE

I, BRYAN A. WAYNE, Official Court Reporter, certify that the foregoing pages are a correct transcript from the record of proceedings in the above-entitled matter.

_____
BRYAN A. WAYNE

PDF created with pdfFactory Pro trial version www.pdffactory.com